### Otto Remlinger v. The State.

#### No. 1816.   Decided May 29, 1912.

**Burglary—Insufficiency of the Evidence.**

Where, upon trial for burglary, the evidence did not support the conviction, there was reversible error.

Appeal from the District Court of Fayette. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Robert E. Moss,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The indictment charges the ordinary burglary by force, etc., did break and enter a house with intent to commit theft.

We are of opinion the evidence does not support the conviction. Nobody put the defendant in the house, and sixty yards from the house was the nearest point at which appellant was seen by witnesses. A boy who was working close by the house and ought to have known if appellant entered the house, and could have seen it if it occurred, as it was in broad daylight, did not see him go to the house. While there are some suspicious circumstances, still the evidence falls short of the rule required in cases of circumstantial evidence.

The judgment is reversed and the cause is remanded.

*Reversed and remanded,*

Prendergast, Judge, not sitting.